## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

WILLIAM POWELL, Individually and for
Others Similarly Situated,

                 Plaintiffs,

v.

ONESOURCE EHS, L.L.C.,

                 Defendant.

Case No. _____

Jury Trial Demanded

FLSA Collective Action

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      OneSource EHS, L.L.C. (OneSource) failed to pay William Powell (Powell), and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2.      Instead, OneSource pays Powell, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3.      Powell brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District.

6.      OneSource is headquartered in this District in Gonzales, Louisiana.

### THE PARTIES

7.      Powell was an hourly employee of OneSource.

8.      Powell worked for OneSource from approximately July 2018 until March 2019.

9.      His consent to be a party plaintiff is attached as **Exhibit A**.

10.    Powell brings this action on behalf of himself and other similarly situated workers who were paid by OneSource's "straight time for overtime" system.

11.    The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All hourly employees of OneSource during the past 3 years who were paid straight time for overtime (the "Straight Time Workers").**

12.    Pickens seeks conditional and final certification of the Straight Time Workers in this collective action under 29 U.S.C. § 216(b).

13.    OneSource is a company doing business throughout the United States, including in Smith County, Texas. OneSource may be served by serving its registered agent: **Registered Agent Solutions, Inc., 3867 Plaza Tower Dr., 1st Floor, Baton Rouge, LA 70816**.

### COVERAGE UNDER THE FLSA

14.    At all relevant times, OneSource was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15.    At all relevant times, OneSource was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16.    At all relevant times, OneSource was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

17.    At all relevant times, OneSource had an annual gross volume of sales made in excess of $1,000,000.

18.    At all relevant times, Powell and the Straight Time Workers (defined above) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

19.     OneSource provides environment, health, and safety management services for refineries.

20.     Powell worked for OneSource from approximately July 2018 until March 2019.

21.     Powell performs work for OneSource at its customer's job sites in Big Springs Texas; Tyler, Texas; Sulphur, Louisiana; and El Dorado, Arkansas.

22.     Powell was a Safety Manager for OneSource.

23.     As a Safety Manager, Powell implemented safety guidelines and protocol, attended safety meetings, and monitored refinery operations for safety.

24.     Powell reports the hours he works to OneSource on a regular basis.

25.     Powell was not guaranteed a salary.

26.     If Powell worked fewer than 40 hours in a week, he is only paid for the hours works.

27.     Powell regularly worked over 40 hours in a week.

28.     In fact, Powell routinely worked seven 10-hour shifts per week.

29.     Although he often worked 70 to 80 hours per workweek, OneSource never paid Powell any overtime but, rather, paid him straight-time-for-overtime.

30.     The hours Powell and the Straight Time Workers (defined above) work are reflected in OneSource's records.

31.     Rather than receiving time and half as required by the FLSA, Powell only received "straight time" pay for overtime hours worked.

32.     OneSource's "straight time for overtime" payment scheme violates the FLSA.

33.     OneSource was and is aware of the overtime requirements of the FLSA.

34.     OneSource nonetheless fails to pay certain employees, such as Powell, overtime.

35.     OneSource did not guarantee Robertson and Straight Time Workers a salary.

36.    OneSource's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

### FLSA COLLECTIVE ACTION ALLEGATIONS

37.    OneSource's illegal "straight time for overtime" policy extends beyond Powell.

38.    It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

39.    OneSource pays dozens of workers using the same unlawful scheme.

40.    Any differences in job duties do not detract from the fact that these workers were entitled to overtime pay.

41.    The workers impacted by OneSource's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### COLLECTIVE CAUSES OF ACTION

42.    Powell incorporates all previous paragraphs and alleges that the illegal pay practices OneSource imposed on Powell were likewise imposed on the Straight Time Workers.

43.    Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

44.    Numerous other individuals, like Powell, indicated they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

45.    Based on his experiences and tenure with OneSource, Powell is aware that OneSource's illegal practices were imposed on the Straight Time Workers.

46.    The Straight Time Workers were all paid straight time for overtime and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

47.    OneSource's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Straight Time Workers.

48.    The specific job titles or precise job locations of the various Straight Time Workers does not prevent collective treatment.

49.    A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

50.    Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

51.    Powell demands a trial by jury

## PRAYER

52.    Powell prays for relief as follows:

   a.    An Order designating the Straight Time Workers as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Straight Time Workers with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b.    For an Order pursuant to Section 16(b) of the FLSA finding OneSource liable for unpaid back wages due to Powell and the Straight Time Workers for liquidated damages equal in amount to their unpaid compensation;

c.   For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

d.   For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Philip Bohrer

**Philip Bohrer (#14089)**
phil@bohrerbrady.com
**Scott E. Brady (#24976)**
scott@bohrerbrady.com
**Bohrer Brady, LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Carl A. Fitz**
Texas Bar No. 24105863
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
cfitz@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

6