## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM POWELL, Individually and for Others Similarly Situated,<br><br>v.<br><br>ONESOURCE EHS, L.L.C. | Case No. 3:20-cv-00161<br><br>JUDGE: DICK<br><br>MAGISTRATE: BOURGEOUIS, JR. |

### CONSENT MOTION FOR APPROVAL OF
### CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

Plaintiff, William Powell (Plaintiff), files this Consent Motion for Approval of Confidential Settlement Agreement and Release and dismissal of Plaintiff's claims against Defendant OneSource EHS, L.L.C. (OneSource), with prejudice.

**1.    Introduction.**

Plaintiff and OneSource (together, the "Parties") seek Court approval of the Settlement Agreement, which has been filed into the record. The Parties' settlement exclusively concerns Plaintiff's individual wage and hour claims against OneSource. If approved by this Court, Plaintiff will release his wage and hour claims against OneSource. The Court should now exercise its considerable discretion and approve the Settlement. *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 638 (5th Cir. 2012) (an abuse of this discretion "occurs only when all reasonable persons would reject the view of the district court").

**2.    Background.**

On March 17, 2020, Plaintiff filed this collective action lawsuit against OneSource on behalf of himself and all OneSource employees who were paid straight-time-for-overtime in the past 3 years ("Putative Collective Members"). (Doc. 1). OneSource filed its Answer on April 8, 2020 (Doc. 4). OneSource asserted numerous affirmative defenses and denied all substantive allegations of the Complaint. Among other defenses, OneSource asserts that Plaintiff and the Putative Collective

Members are exempt from the overtime requirements of the Fair Labor Standards Act (FLSA), that their claims are barred by statute of limitations, and that they are not similarly situated for purposes of collective action treatment.

OneSource opposed conditional certification of this matter. *See* Doc. 14 (Plaintiff's Motion for Conditional Certification and Court-Authorized Notice); Doc. 15 (OneSource's Opposition to Conditional Certification and Court-Authorized Notice); Doc. 18 (Plaintiff's Reply in Support of Conditional Certification and Court-Authorized Notice). On September 19, 2021, this Honorable Court conditionally certified this lawsuit as a collective action. *See* Doc. 29 (Order Granting Motion for Conditional Certification). Notice was timely issued to all eligible class members. No one opted-in to the case.

OneSource responded to written discovery and produced anonymized payroll records and timesheets for all putative class members. Plaintiff responded to written discovery. Understanding the uncertainties of protracted litigation and the expense of additional discovery, the Parties conducted informal settlement negotiations.

As demonstrated above, the Parties have reached a resolution after the production of extensive information and data, and extensive, arm's length negotiations between experienced legal counsel who have expertise in FLSA collective action litigation. Disputed issues of fact and law were presented and assessed, and the Parties have reached terms that are reasonable and fair.

Plaintiff and OneSource respectfully request that this Honorable Court approve their Agreement, approve Plaintiff's Counsel's requested Fee Award, and dismiss the Action with prejudice with all parties to bear their own respective costs, attorney's fees, and expenses.

3.   **Settlement Terms.**

The specific terms and conditions of settlement are reflected in the attached Settlement Agreement and Release (the "Agreement") filed in the Civil Record. (Exhibit 1). The Agreement

provides the details concerning all aspects of resolution.

**4.     The Settlement Represents a Reasonable Compromise of this Litigation.**

The Parties seek this Honorable Court's approval of the Agreement, which represents a fair and reasonable compromise of a bona fide dispute concerning FLSA claims. As a general rule in the Fifth Circuit, parties are free to compromise disputed FLSA claims by private agreement. See *Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247 (5th Cir. 2012).

Parties to FLSA litigation may seek court review and approval of FLSA actions under 29 U.S.C. §216. See *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714 (E.D. La. 2008); *Lynn Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982). In order to approve a settlement, the court determines whether or not the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Collins v. Sanderson Farms, Inc.*, *supra*; *Lynn v. United States Department of Labor*, *supra*. It has been held that settlement is a preferred means of resolving litigation and there is a strong presumption in favor of finding a settlement to be fair. See *Williams v. First National Bank*, 30 S.Ct. 441 (1910); *Mid-south Towing v. Har-Win, Inc.*, 733 F.2d 386 (5th Cir. 1984); *Camp v. Progressive Corp.*, 2004 WL 2149079 (E.D. La. 2004).

**A.     A Bona Fide Dispute Exists**

It is undisputed that a bona fide dispute exists as to the FLSA claims asserted by Plaintiff. In particular, the Parties disputed whether Plaintiff was exempt from the FLSA's overtime requirements and, therefore, whether he was entitled to any additional wages and overtime compensation. Additionally, the Parties disputed the applicable statute of limitations period. While the Parties cooperated professionally throughout this litigation and mediation process, they vigorously advocated their respective positions.

**B.     Fair and Reasonable Resolution**

The Agreement reached by the Parties clearly presents a fair and reasonable resolution. The

Agreement was negotiated by attorneys who have been prosecuting and defending FLSA claims throughout their careers and the firms and attorneys involved have significant experience in handling FLSA collective action litigation. In assessing the fairness and reasonableness of settlement, deference to experienced counsel who have negotiated and recommended settlement should be afforded.[1] See *Cotton v. Hinton*, 559 F.2d 1326 (5th Cir. 1977); *Collins v. Sanderson Farms, Inc., supra; Austin v. Pennsylvania Dept. of Corrections*, 876 F.Supp. 1437 (E.D. Pa. 1995); *In re: Coordinated Pretrial Proceedings*; *Fisher Brothers v. Phelps Dodge Indust., Inc.*, 604 F.Supp. 446 (E.D. Pa. 1985).

Importantly, Plaintiff deems this settlement to be fair and reasonable after being fully informed of all terms and executing the Agreement.

### C. Reasonableness of Attorney's Fees

Plaintiff's attorneys' fees are part of the bargained for settlement. The Parties agreed to set Class Counsel's fees at 40% of the Gross Settlement Amount inclusive of costs. This is the agreement the Parties have presented to the Court for approval. *See Evans v. Jeff D.*, 475 U.S. 717, 727 (1986) ("[T]he power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed."); *Klier v. Elf Atochem North Am., Inc.*, 658 F.3d 468, 475 (5th Cir. 2011) (holding, in a class action, "the court cannot modify the bargained-for terms of the settlement agreement"); *In re Oil Spill by Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 910 F.Supp.2d 891, 944 (E.D. La. 2012) ("[T]he Court is not authorized to insist upon changes that, in its judgment, might lead to a superior settlement."), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014), *reh'g en banc denied sub nom. In re Deepwater Horizon—Appeals of the Economic and Property Damage Class Action Settlement*, 756 F.3d

---

[1] This Honorable Court has previously approved settlements in other cases reached by the respective attorneys in this case and is familiar with the attorneys and their firms and their extensive litigation experience, including FLSA litigation experience.

320 (5th Cir. 2014), *cert. denied sub nom. BP Exploration & Prod, Inc. v. Lake Eugenie Land & Dev., Inc.*, 135 S.Ct. 754 (2014); *Blanchard v. Forrest*, CIV. A. 93-3780, 1996 WL 28526 (E.D. La. Jan. 23, 1996) (overruling the magistrate judge's modification to consent judgment because courts lack authority to modify a settlement agreement).

Supreme Court precedent encourages settlement of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of a fee."). The Parties reached the agreed upon fee and to the extent approval is necessary, it should be given here.

In FLSA cases such as this, the Fifth Circuit has approved contingency fees in the range of 35 to 40%. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). Further, courts have approved settlements that include an agreed upon fee above what Plaintiff, his Counsel, and OneSource agreed to. *See Whitaker v. BHP Billiton Petroleum (Americas) Inc.*, No. 4:17-cv-02698, at ECF No. 30 (S.D. Tex. Aug. 7, 2019) (approving 40% fee in FLSA settlement) (Exhibit 2); *Whitlow v. Crescent Consulting, LLC*, No. 5:16-cv-01330, at ECF No. 189 (W.D. Okla. April 1, 2019) (same) (Exhibit 3); *Jones v. Bison Drilling and Field Services, LLC*, No. 7:17-cv-00167, at ECF Nos. 32 & 35 (W.D. Tex. Feb. 2019) (same) (Exhibit 4); *Brite v. Great Plains Analytical Services, Inc.*, No. 7:18-cv-00153, at ECF No. 24 (W.D. Tex. Feb. 12, 2019) (same) (Exhibit 5); *Matthews v. Priority Energy Servs., LLC*, No. 6:15CV448, 2018 WL 1939327, at *1 (E.D. Tex. Apr. 20, 2018), adopted, 2018 WL 2193030 (E.D. Tex. May 11, 2018) (same); *Sarabia v. Spitzer Industries, Inc.*, No. 4:17-cv-02092, at ECF No. 32 (S.D. Tex. May 24, 2018) (same) (Exhibit 6); *Legros v. Mud Control Equip., Co.*, No. 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017) (same); *see also Comeaux v. Quality Energy Svcs., Inc.*, No. 6:15-cv-02510-RGJ-PJH, ECF No. 78 (W.D. La. Jul. 20, 2017) (approving attorney fees of 40%).

"The most critical factor in determining a fee award is the degree of success obtained" (factor 8). *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003). The degree of success here is high because OneSource vigorously contested Plaintiff's claims and denied that Plaintiff was improperly

paid, underpaid, or that any alleged damages are owed. Yet, as the Settlement Agreement reflects, Plaintiff is receiving a portion of the alleged back wages as a result of the settlement.

**5.    Conclusion**

Plaintiff submits that the Agreement represents a fair and reasonable resolution for a bona fide dispute under the FLSA. This resolution will eliminate risk to all parties and will avoid extensive and protracted litigation that could have lasted for years.

The Parties respectfully request that this Honorable Court approve this settlement, including all terms as set forth in the Agreement, and that it dismiss the above-captioned lawsuit and all claims, with prejudice, with each party to bear their own respective court costs, attorneys' fees, and expenses.

Respectfully submitted,

| | |
|---|---|
| */s/ Carl A. Fitz* | */s/ Alexandra Roselli Lamb* |
| Michael A. Josephson | Elizabeth A. Roussel (La. Bar No. 27943) |
| Texas Bar No. 24014780 | Alexandra Roselli Lamb (La. Bar No. 37847) |
| Carl A. Fitz | ADAMS AND REESE LLP |
| State Bar No. 24105863 | 701 Poydras Street, Suite 4500 |
| JOSEPHSON DUNLAP, LLP | New Orleans, Louisiana 70139 |
| 11 Greenway Plaza, Suite 3050 | Telephone:  (504) 581-3234 |
| Houston, Texas 77046 | Facsimile:   (504) 566-0210 |
| 713-352-1100 – Telephone | liz.roussel@arlaw.com |
| 713-352-3300 – Facsimile | alex.lamb@arlaw.com |
| mjosephson@mybackwages.com | |
| cfitz@mybackwages.com | |
| | COUNSEL FOR ONESOURCE, L.L.C. |
| AND | |
| | |
| Richard J. (Rex) Burch | |
| Texas Bar No. 24001807 | |
| BRUCKNER BURCH, PLLC | |
| 11 Greenway Plaza, Suite 3025 | |
| Houston, Texas 77046 | |
| Telephone: (713) 877-8788 | |
| Telecopier: (713) 877-8065 | |
| rburch@brucknerburch.com | |
| | |
| AND | |

*/s/ Philip Bohrer*
Philip Bohrer (#14089)
phil@bohrerbrady.com
Scott E. Brady (#24976)
scott@bohrerbrady.com
Bohrer Brady, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

On August 19, 2022 I served a copy of this document on all registered parties and/or their counsel of record via the Court's CM/ECF system.

*/s/ Carl A. Fitz*
Carl A. Fitz