UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM POWELL, Individually and For Others Similarly Situated** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-161-SDD-RLB** |
| **ONESOURCE EHS, LLC** | |

### AMENDED ORDER

Before the Court is the parties' Consent Motion for Approval of Confidential Settlement Agreement and Release. (R. Doc. 37).[1] The parties jointly move the Court to approve a settlement under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). The parties have consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c) for the sole purpose of resolving the instant motion. (R. Doc. 38). Having considered the parties' Consent Motion (R. Doc. 37), Settlement Agreement and Release (R. Doc. 37-1), and the record as a whole, the Court will grant the motion for the reasons provided below.

**I.    Background**

On March 17, 2020, William Powell ("Plaintiff") filed this putative FLSA collective action, on behalf of himself and all other employees who were paid straight-time-for-overtime in the past 3 years. (R. Doc. 1). The defendant-employer, OneSource EHS, LLC ("Defendant" or "OneSource"), filed an Answer denying all substantive allegations in the Complaint and asserting numerous affirmative defenses, including that the Plaintiff and the putative collective members are exempt from overtime requirements of the FLSA, that their claims are barred by the

---

[1] The title of the motion provides that the settlement agreement is "confidential." To be clear, the parties did not file the motion under seal or otherwise request that the settlement agreement be filed under seal. The Settlement Agreement and Release (R. Doc. 37-1) is already part of the open record. The motion itself acknowledges that the Settlement Agreement "has been filed into the record." (R. Doc. 37 at 1).

statute of limitations, and that Plaintiff and the putative collective members are not similarly situated for purposes of collective action treatment. (R. Doc. 4).

The district judge conditionally certified this lawsuit as a collective action on September 19, 2021. (R. Doc. 29). The district judge then authorized Plaintiff to provide notice and consent forms to all putative collective members. (R. Doc. 31). The opt-in period expired with no putative collective members opting-in to the case. (*See* R. Doc. 33 at 2).

The parties represent that have "conducted informal settlement negotiations" and "have reached a resolution after the production of extensive information and data, and extensive, arm's length negotiations between experienced legal counsel who have expertise in FLSA collective action litigation." (R. Doc. 37 at 2). The parties now ask the Court to approve their Settlement Agreement, approve Plaintiff's counsel's requested Fee Award, and dismiss the action with prejudice with all parties to bear their own respective costs, attorney's fees, and expenses. (R. Doc. 37 at 2).

## II.  Law and Analysis

As a general rule, FLSA claims for unpaid overtime cannot be waived and, accordingly, "in the absence of supervision by the Department of Labor or scrutiny from a court, a settlement of an FLSA claim is prohibited." *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015); *see Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982) ("[T]o approve an "agreement" between an employer and employees outside of the adversarial context of a lawsuit brought by the employees would be in clear derogation of the letter and spirit of the FLSA."). The Fifth Circuit has "excepted, from this general rule, unsupervised settlements that are reached due to a bona fide FLSA dispute over hours worked or compensation owed." *Bodle*, 788 F.3d at 165 (citing *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012));

*Kaesemeyer v. Legend Mining USA, Inc.*, No. 17-01520, 2019 WL 4316859, at *2 (W.D. La. Sept. 11, 2019) ("[T]he *Bodle* court ruled that *Martin* is a narrow exception to the general rule of judicial scrutiny and that the record before the district court did not establish grounds for the *Martin* exception.").

"Before approving an FLSA settlement agreement, a court must determine whether (1) the settlement involves the resolution of a bona fide dispute over an FLSA provision and (2) the settlement is fair and reasonable." *Brown v. 4Ever Caring, LLC*, No. 19-809, 2020 WL 4370882, at *2 (M.D. La. July 30, 2020) (citations omitted); *see also Catherine v. SureTemps, LLC*, No. 17-7561, 2019 WL 4038604, at *2 (E.D. La. Aug. 27, 2019) ("In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, a court must determine that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008).

Here, the parties seek judicial confirmation of their Settlement Agreement and Release (R. Doc. 37-1). Accordingly, the Court must consider whether the settlement involves a bona fide dispute and whether the settlement is fair and reasonable. For the reasons stated below, the Court concludes that the FLSA settlement agreement reached between the parties meets these requirements.

### A.    Bona Fide Dispute

"When deciding whether a bona fide dispute exists, the Court considers whether there is a genuine dispute as to the Defendant's liability under the FLSA, as without a bona fide dispute, no settlement could be fair and reasonable. This is particularly true in an FLSA action because its

3

provisions are mandatory, and not subject to negotiation and bargaining between employers and employees." *Brown*, 2020 WL 4370882, at *2 (citation omitted).

This action involves a bona fide dispute as to the asserted FLSA claims. The parties dispute whether Plaintiff was exempt from the FLSA's overtime requirements and, therefore, whether he was entitled to any additional wages and overtime compensation. Furthermore, the parties dispute whether this action is prescribed under the applicable statute of limitations period.

Based on the foregoing, the Court finds the settlement agreement concerns a bona fide dispute under the FSLA. The Court will turn to whether the settlement is fair and reasonable.

### B. Fair and Reasonable Settlement

To determine whether a settlement is fair and reasonable under the FLSA, courts look to *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983), where the Fifth Circuit enumerated factors to use in determining whether a settlement is fair in a class action under Rule 23 of the Federal Rules of Civil Procedure. *Catherine*, 2019 WL 4038604, at *3; *see also Allen v. Entergy Operations Inc.*, No. 11-1571, 2016 WL 614687, at *1 (E.D. La. Feb. 16, 2016). The six factors are "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives and absent class members." *Catherine*, 2019 WL 4038604, at *3 (citing *Collins*, 568 F. Supp. 2d at 722). However, courts "adopt or vary these factors in their application in light of the special role of the Court in settlement of FLSA claims." *Collins*, 568 F. Supp. 2d at 722.

As discussed below, the Court has considered each of the foregoing six factors and concludes that the parties' FLSA settlement agreement is fair and reasonable.

4

### 1. Fraud or Collusion

In considering this factor, "there is a strong presumption in favor of finding a settlement fair." *Domingue v. Sun Elec. & Instrumentation, Inc.*, No. 09-682, 2010 WL 1688793, at *1 (E.D. La. Apr. 26, 2010). The Court may presume no fraud or collusion occurred when there is no evidence to the contrary. *Collins*, 568 F. Supp. 2d at 725 (citing *Camp*, 2004 WL 2149079 at *7). Having reviewed the record, including careful consideration of the parties' Settlement Agreement, the Court concludes that there is no evidence of fraud or collusion. The parties, who are represented by counsel with FLSA litigation experience, spent considerable time conducting written discovery and negotiating the terms of the settlement. The Court finds this factor is satisfied.

### 2. The Complexity, Expense, and Duration of the Litigation

Settlement in this action was reached after extensive discovery by the parties. In the absence of settlement, the parties would likely have to conduct additional discovery, including depositions, and engage in dispositive motions practice to resolve their legal disputes. If the case is not resolved through motions practice, the parties would have to bear the costs of preparing for a 3-day jury trial set to commence on March 6, 2023. The Court finds this factor is satisfied.

### 3. The Stage of the Proceedings and The Amount of Discovery Completed

The Court considers this factor for two reasons: (1) "extensive discovery [by the parties indicates] a good understanding of the strengths and weaknesses of their respective cases and hence that the settlement's value is based upon such adequate information," and (2) "full discovery demonstrates that the parties have litigated the case in an adversarial manner and . . . settlement is not collusive but arms-length." *Catherine*, 2019 WL 4038604, at *4 (citation omitted). As discussed above, the parties have engaged in extensive discovery and settlement

negotiations. The parties have had sufficient opportunity to engage in discovery and obtain a good understanding of the strengths and weaknesses of their respective cases. Accordingly, the settlement value reflected in the proposed settlement agreement is based on adequate information. The Court finds this factor is satisfied.

### 4. The Probability of Success on the Merits

Given the absence of any dispositive motions detailing the parties' legal and factual positions, it is uncertain whether Plaintiffs would be successful on the merits. As discussed above, Defendant has denied Plaintiff's allegations and has raised various affirmative defenses. The unresolved disputes between the parties make it unclear whether Plaintiff would be meritorious, which further indicates that the settlement is fair and reasonable. *See Catherine*, 2019 WL 4038604, at *4. The Court finds this factor is satisfied.

### 5. The Range of Possible Recovery

Under the Settlement Agreement, Defendant will pay Plaintiff a gross settlement amount of $48,750.00, which is to be reduced by the net settlement amount of attorneys' fees paid to Plaintiff's counsel in the amount of $19,500.00 (40% of the gross settlement amount) and costs paid to Plaintiff's counsel in the amount of $544.32. (R. Doc. 37-1 at 2). These amounts were reached through arms-length negotiations and reflect the parties' consideration of the range of possible recovery in this case. The Court finds this factor is satisfied.

### 6. The Opinions of Class Counsel, Class Representatives, and Absent Class Members

No putative class members opted-in to this case after it was conditionally certified. As discussed above, Plaintiff and Defendant are both represented by counsel, and the Settlement Agreement was reached through arms-length negotiations entered in good faith to address a bona fide dispute. Accordingly, it does not appear that this factor applies.

### C.     Reasonableness of Attorney's Fees and Costs

As part of its fairness determination, the Court must also determine that the proposed attorney's fees are reasonable. *Collins*, 568 F. Supp. 2d at 728 (citations omitted).

The Fifth Circuit employs the lodestar method for determining the reasonableness of attorney's fees in FLSA collective actions. *Heidtman v. County of El Paso,* 171 F.3d 1038, 1043 (5th Cir. 1999). The lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. *Id.* The court may then decrease or enhance the lodestar based on the relative weights of twelve factors (as amended by subsequent law) set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974), but may not adjust the lodestar award if the creation of such award already took that factor into account, which would result in impermissible double-counting. *Id.*

In this case, the parties have agreed Plaintiff's counsel is entitled to a total of 40% of the gross settlement amount for attorney fees, plus $534.32 in costs and expenses. The parties have not submitted documentation as to the total hours of attorney work performed by Plaintiff's counsel, counsel's customary rate of pay, or the expenses incurred by Plaintiff in this litigation. Nevertheless, district courts within the Fifth Circuit have approved of contingency fees of 40% in FLSA settlements. *See*, *e.g.*, *Venable v. Am. Consulting & Testing Inc.*, No. 20-01232, 2022 WL 595738, at *4 (W.D. La. Feb. 25, 2022), *report and recommendation adopted*, 2022 WL 741698 (W.D. La. Mar. 10, 2022); *Matthews v. Priority Energy Servs., LLC*, No. 15-448, 2018 WL 1939327, at *1 (E.D. Tex. Apr. 20, 2018), *report and recommendation adopted*, 2018 WL 2193030 (E.D. Tex. May 11, 2018); *Legros v. Mud Control Equip., Co.*, No. 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017); *Lackey v. SDT Waste & Debris Servs., LLC*, No. 11-1087, 2014 WL 4809535, at *3 (E.D. La. Sept. 26, 2014).

Considering the foregoing, the Court finds the proposed award in this case to be fair and reasonable. Plaintiff's counsel has demonstrated appropriate skill and expertise in bringing this FLSA collective action.

### III. Conclusion

Having considered the parties' Consent Motion (R. Doc. 37), Settlement Agreement and Release (R. Doc. 37-1), and the record as a whole, the Court concludes, for the reasons stated above, that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

**IT IS ORDERED** that the Consent Motion for Approval of Confidential Settlement Agreement and Release (R. Doc. 37) is **GRANTED**, and the case is hereby **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on September 12, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**